1  John J. Shaeffer (SBN 138331)
   JShaeffer@LathropGage.com
2  Jeffrey H. Grant (SBN 218974)
   JGrant@LathropGage.com
3  LATHROP & GAGE LLP
   1888 Century Park East, Suite 1000
4  Los Angeles, California  90067-1623
   Telephone:  310.789.4600
5  Facsimile:   310.789.4601

6

7  Attorneys for Defendant
   ISONAS, INC.

8

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                      SOUTHERN DIVISION

13

14

15  HID GLOBAL CORPORATION, a          Case No.  SACV 13-1301 JVS (MANx)
    Delaware corporation; ASSA
16  ABLOY AB, a Swedish Limited
    Liability Company; and DESTRON      **MEMORANDUM OF POINTS AND**
17  FEARING CORPORATION, a              **AUTHORITIES IN SUPPORT OF**
    Delaware corporation,               **ISONAS' MOTION TO DISMISS**
18
                   Plaintiffs,          **FRCP 12(b)(6)**
19
    v.                                  Hearing Date: February 3, 2014
20                                       Hearing Time: 1:30 p.m.
    ISONAS, INC., a Colorado
21  corporation; and DOES 1 through     Trial Date: Not Set
    10, inclusive,
22
                   Defendants.
23

24

25

26

27

28

           MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
              ISONAS' RULE 12(B)(6) MOTION TO DISMISS

1    On December, 11, 2013 the Defendant, ISONAS, Inc. ("ISONAS"), was
2  served with a complaint for patent infringement (attached as Exhibit "A") by the
3  Co-Plaintiffs, Assa Abloy AB, Destron Fearing Corp. and HID Global Corp.
4  (collectively, "Plaintiffs").  ISONAS was named along with ten Doe defendants as
5  infringers of two patents under which the Plaintiffs hold a variety of rights and
6  interests. However, in its allegations of infringement, the Plaintiffs have merely
7  provided bare recitals of the law without allegations of fact that give ISONAS
8  notice of what it must defend against. Even under the liberal notice pleading
9  standards of Fed.R.Civ.P. 8(a)(2) and recent precedent applying that standard to
10  patent infringement claims, the Plaintiffs' minimal allegations fail to articulate a
11  claim against ISONAS upon which relief may be granted. Moreover, the current
12  allegations fail to provide fair notice to ISONAS of the claims against which it must
13  defend. Therefore, pursuant to Fed.R.Civ.P. 12(b)(6), ISONAS moves to dismiss
14  the Plaintiffs' complaint with respect to all allegations of infringement of any type
15  asserted against ISONAS.

16    It is not apparent from the Plaintiffs' infringement allegations which type of
17  infringement codified in 35 U.S.C. §271 is being alleged. The distinctions are
18  material because the pleading requirement is different for direct infringement under
19  §271(a) than it is for induced infringement under §271(b) or contributory
20  infringement under §271(c). However, under any of these infringement theories,
21  Plaintiffs allegations fail to meet the minimum pleading standard.

22    There is no allegation in the Plaintiffs' complaint that ISONAS is acting
23  alone in any instance of alleged infringement. In all infringement allegations, the
24  Plaintiffs allege that, collectively, the "Defendants" infringe the patents. (Ex. A,
25  Doc. 1 at ¶¶ 18-27). However, the Plaintiffs fail to name ISONAS' co-defendants,
26  describing them only as Does 1-10. (Ex. A, Doc. 1 at ¶¶ 7-9). Even if the names of
27  the alleged co-defendants are not currently known, the Plaintiffs' allegations fail to
28  provide any description of who the Doe defendants may be with respect to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ISONAS' RULE 12(B)(6) MOTION TO DISMISS

ISONAS. Further, the complaint does not identify in any way the device that the Defendants jointly produce or the method the Defendants jointly practice that infringes either asserted patent. The Plaintiffs' only allegation is that unspecified "products" are the subject of the infringement claims. (Ex. A, Doc. 1 at ¶¶ 19, 24). Therefore the complaint does not provide ISONAS with notice of the identity of the infringers or the nature of the infringing device or method.

For a claim of direct infringement under 35 U.S.C. §271(a), a pleading is sufficient if it conforms to Form 18 in the Appendix of Forms for the Federal Rules of Civil Procedure. See, *McZeal v. Sprint Nextel Corp.*, 501 F. 3d 1354, 1356-57 (Fed. Cir. 2007)(citing Fed.R.Civ.P. "Form 16" which is the predecessor to the current Fed.R.Civ.P. Form 18).  See also, *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1334 (Fed. Cir. 2012). The Plaintiffs' allegations fail to meet this standard.  In Form 18, the model allegations identify "electric motors" as the subject matter of the infringement claims. But here the Plaintiffs allege only that "products" made, used offered for sale, sold or imported collectively by the combined action of ISONAS and Does 1-10 are the basis for its infringement claims. (Ex. A, Doc. 1 at ¶¶ 19, 24). Notably, the pleadings state that ISONAS alone makes and sells "RFID readers" and yet the infringement allegations do not identify these readers as the infringing devices. (Compare Ex. A, Doc. 1 at ¶17 to ¶¶ 18-27). Moreover, there is no allegation anywhere in the complaint that ISONAS alone infringes any patent. The Plaintiffs' vague identification of "products" falls short of the minimum standard of Form 18 and fails to "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal* at 1357.

The failure of the Plaintiffs to provide some identification of the Doe defendants is similarly fatal to the sufficiency of the pleading, particularly here where all of the infringement allegations apparently involve the joint action of ISONAS with the Doe defendants. *Cf, Phonometrics v. Hospitality Franchise*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ISONAS' RULE 12(B)(6) MOTION TO DISMISS

1   *Systems,* 203 F. 3d 790, 794 (Fed. Cir. 2000)(finding a multi-defendant complaint

2   for patent infringement sufficient where the Plaintiff  "names each individual

3   defendant, cites the patent that is allegedly infringed, describes the means by which

4   the defendants allegedly infringe, and points to the specific sections of the patent

5   law invoked.")

6        If the Plaintiffs contend that the action of ISONAS and Does 1-10 amounts to

7   joint direct infringement of the patents in suit, the pleadings are still deficient.  A

8   claim is directly infringed by multiple parties only if "one party exercises 'control

9   or direction' over the entire process such that every step is attributable to the

10  controlling party, i.e., the 'mastermind.'" *Muniauction, Inc. v. Thomson Corp.,* 532

11  F. 3d 1318, 1329 (Fed. Cir. 2008). The Plaintiffs have not alleged that any

12  defendant is the mastermind of a joint infringement effort.

13       If it was the Plaintiffs' intention not to plead direct infringement under

14  §271(a) but instead to plead a theory of indirect infringement under §271(b) or

15  §271(c), the complaint is still deficient and fails to state a claim upon which relief

16  may be granted. "Indirect infringement requires, as a predicate, a finding that some

17  party amongst the accused actors has committed the entire act of direct

18  infringement."  *BMC Resources, Inc. v. Paymentech, LP,* 498 F. 3d 1373, 1379

19  (Fed. Cir. 2007). "Indirect infringement, whether inducement to infringe or

20  contributory infringement, can only arise in the presence of direct infringement."

21  *Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1272 (Fed. Cir.

22  2004). As shown above, the Plaintiffs' allegations are inadequate to state a claim

23  for direct infringement. Even if there were no other problems with the Plaintiffs'

24  indirect infringement pleadings, the Plaintiffs' failure to plead direct infringement

25  also prevents a proper pleading of indirect infringement.

26       Moreover, the standard for pleading indirect infringement is different from

27  the standard for direct infringement.  For indirect infringement claims, compliance

28  with Form 18 is not enough. *In re Bill of Lading,* 681 F.3d at 1336-1337 (Fed. Cir.

1   2012).  "To state a claim for contributory infringement … a plaintiff must … plead

2   facts that allow an inference that the components sold or offered for sale have no

3   substantial non-infringing uses." *Id.* at 1337.  Here, the Plaintiffs' complaint makes

4   no such allegation against ISONAS or any other defendant. Similarly, "inducement

5   requires that the alleged infringer knowingly induced infringement and possessed

6   specific intent to encourage another's infringement." *DSU Medical Corp. v. JMS*

7   *Co.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006). In order to survive a motion to dismiss

8   for induced infringement, the Plaintiffs' allegations must contain facts plausibly

9   showing that the Defendants specifically intended for an underlying direct infringer

10  to infringe the patents in suit and further knew that the underlying infringer's

11  conduct constituted infringement. *In re Bill of Lading,* 681 F.3d at 1340 (Fed. Cir.

12  2012).

13          There are two problems with the Plaintiffs' pleadings of induced

14  infringement. First, the pleadings do not identify any underlying direct infringer.

15  Since no underlying direct infringer is identified, there is also no allegation of any

16  specific intent by ISONAS for the unidentified party to infringe the patents, nor is

17  there any pleading that ISONAS knew the unidentified party's conduct constituted

18  infringement. Secondly, the allegations stated by the Plaintiffs are essentially

19  formulaic recitals of the law. While it is true that the Plaintiffs' complaint must be

20  construed in a light most favorable to the Plaintiffs with reasonable inferences

21  drawn in the Plaintiffs' favor, the court is "not bound to accept as true a legal

22  conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678,

23  129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). Nor is the court required to accept as true

24  allegations that are merely conclusory, unwarranted deductions of fact, or

25  unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th

26  Cir. 2001). Here, the Plaintiffs have merely recited statutory language without

27  adding facts specific to ISONAS or the other defendants. For example, 35 U.S.C.

28  §271(a) recites that "whoever without authority makes, uses, offers to sell, or sells

1   any patented invention within the United States or imports into the United States

2   any patented invention" is a direct infringer. The Plaintiffs allege that the

3   Defendants "make, use sell, offer for sale, and/or import into the United States

4   products that" allegedly infringe. This is a formulaic recital of the law and therefore

5   is not the type of allegation the court must accept as true.

6       ISONAS does not take lightly the filing of this motion or the burden it must

7   sustain to prevail. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and

8   plain statement of the claim showing that the pleader is entitled to relief," in order

9   to "give the defendant fair notice of what the . . . claim is and the grounds upon

10  which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955,

11  167 L.Ed.2d 929 (2007). However, the Plaintiffs' allegations against ISONAS in

12  this case fail to meet that standard. As a result, the pleadings do not fairly inform

13  ISONAS of the basis for the Plaintiffs' complaint. ISONAS cannot tell or

14  reasonably discern from the pleadings what technology stands accused of infringing

15  the asserted patents. It cannot tell who its unidentified codefendants are, nor can it

16  tell what joint conduct of the defendants amounts to the infringement alleged by the

17  Plaintiffs. ISONAS cannot tell whether the infringement alleged against it is direct

18  infringement or some form of indirect infringement or some form of joint

19  infringement. ISONAS cannot tell whether additional parties should be joined or

20  impleaded. ISONAS cannot tell whether it has or owes indemnification to any other

21  party. ISONAS cannot tell whether venue is proper for all defendants. ISONAS

22  cannot determine what discovery it may need or what information may be relevant

23  to its defenses. As a result of the Plaintiffs' fundamental failure to provide fair

24  notice with its pleading of infringement, ISONAS cannot discern which defenses

25  are available to it.

26      For all the reasons set forth above, the Plaintiffs' claims of infringement

27  against ISONAS should be dismissed for failure to properly state a claim upon

28  which relief could be granted.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ISONAS' RULE 12(B)(6) MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Further, since ISONAS seeks to dismiss all of the Plaintiffs' claims against ISONAS, it also requests that the Rule 16(b) scheduling conference currently set for January 13, 2014, and the related filing of a Joint Rule 26(f) Report on January 6, 2014 be cancelled pending a ruling on its motion to dismiss.


Dated:    January 2, 2014                    LATHROP & GAGE LLP


                                             By:/s/ Jeff Grant
                                             John J. Shaeffer
                                             Jeffrey H. Grant
                                             Attorneys for Defendant
                                             ISONAS, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ISONAS' RULE 12(B)(6) MOTION TO DISMISS